126 N.J. Super. 557 (1973)
316 A.2d 8
GRACE HILL, PLAINTIFF-RESPONDENT,
v.
MICHAEL NEWMAN, INDIVIDUALLY AND DOING BUSINESS AS NUWOOD FURNITURE SERVICE, ETC., DEFENDANT AND THIRD PARTY PLAINTIFF-RESPONDENT, AND GRANT FURNITURE OF NEW JERSEY, A CORPORATION OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted October 16, 1973.
Decided November 19, 1973.
*560 Before Judges CARTON, SEIDMAN and GOLDMANN.
Messrs. Morgan, Melhuish, Monaghan, McCoid & Spielvogel, attorneys for appellant (Mr. Richard E. Arvidson, of counsel and on the brief).
Messrs. Porzio, Bromberg & Newman, attorneys for respondent Grace Hill.
PER CURIAM.
Defendant Grant Furniture of New Jersey (Grant) appeals from a Law Division, "Judgment, Decision and Ruling" in favor of plaintiff in an action to recover for severe burns suffered as a result of the negligence of defendants Newman and Grant.
Plaintiff had purchased certain furniture from Grant's which, she testified, showed nicks, scratches and gouges on delivery. She reported this to Grant's and was assured that someone would be sent to fix it. She then received a call from a man who said he was from Grant's, and an appointment was made. When defendant Newman arrived at her home he identified himself as the man from Grant's Furniture Store who had come to fix the furniture. She admitted him and he proceeded to repair the defects. Plaintiff said that Newman sprayed the furniture with some "bad smelling stuff"  a lacquer. Upon completion of the work, plaintiff followed Newman out the door and remained on the porch talking to *561 her friend, Dolores Thorpe. A few minutes later she re-entered her apartment to answer the telephone and as she picked up the receiver there was an explosion. Plaintiff's clothes caught on fire, with resultant serious burns to her body.
Plaintiff sued Newman, individually and doing business as Nuwood Furniture Service; Grant Furniture; General Electric Credit Corporation and H. Behlen & Bros., Inc. The latter two were let out of the case when their motions for summary judgment were granted. We are not concerned with Newman's third-party complaint against an insurance company and its agency.
At the conclusion of plaintiff's case Grant moved for an involuntary dismissal and for judgment in its favor. The trial judge reserved decision, and the motions were renewed at the close of the entire case. They were denied. The jury returned a verdict of $125,000 against Newman and Grant. Plaintiff then moved to amend the resultant judgment so as to include interest under R. 4:42-11, and after argument the trial judge so ordered. Grant then moved for judgment n.o.v. and a new trial, and these motions were denied. Only Grant appeals.
Grant first argues that Newman was an independent contractor and it was not vicariously liable for his negligence. It urges that the sole basis for the verdict and the judge's denial of all its motions was the court's view that the applicable law imputing liability to Grant was that expressed in the Restatement, Torts 2d, § 429 (1964). The judge charged that section at the request of plaintiff's attorney.
New Jersey has recognized the general rule that one who engages a contractor to do work not in itself a nuisance, is not liable for his negligent acts in the performance of the contract. Certain exceptions have been recognized: (1) where the work is in itself a nuisance or inherently dangerous, or (2) where the landowner in fact retains or exercises control over the manner and means of the work, or (3) where he engages an incompetent contractor. Majestic Realty Associates, *562 Inc. v. Toti Contracting Co., 30 N.J. 425, 431-440 (1959). The cases cited in defendant's argument support no more than these principles. The "inherently dangerous" exception was ruled out of the case.
Neither the general rule nor the exceptions relate to a situation in which the independent contractor is allowed to become the apparent agent of the employer. There is nothing in the record to show that Grant retained or exercised control of Newman in the work that he did, or that Newman was an incompetent contractor.
There was enough here to establish an apparent agency: Grant's assurance that they would send somebody to repair the furniture when plaintiff phoned to complain of its condition, the phone call for an appointment that she received from Newman who said he was from Grant's, and his identifying himself when he arrived at her apartment that he was the man from Grant's who had come to fix the furniture. We find no error in the court's charge of section 429 of Restatement, Torts 2d, which reads:
One who employs an independent contractor to perform services for another which are accepted in the reasonable belief that the services are being rendered by the employer or by his servants, is subject to liability for physical harm caused by the negligence of the contractor in supplying such services, to the same extent as though the employer were supplying them himself or by his servants.
There is no question under the facts that plaintiff relied upon the manifestaion of authority in Newman, thereby constituting an invitation to deal with him and enter into relations with him such as were consistent with the apparent authority. The Restatement concept focuses on the acceptance of services based on a reasonable belief in the apparent nature of the agency. Cf. Elger v. Lindsay, 71 N.J. Super. 82, 87 (Cty. Ct. 1961); Zevon v. Tennebaum, 73 Ariz. 281, 240 P.2d 548 (Sup. Ct. 1952); Gizzi v. Texaco, Inc., 437 F.2d 308 (3 Cir.1971).
Grant next claims that the trial judge's misleading charge on contributory negligence necessitated a new trial. *563 The fact is that the court at once proceeded to recharge the jury correctly. Not only did the recharge carefully retract the initial charge, but a supplemental charge again outlined the law on contributory negligence in correct fashion.
Defendant also contends that the judge's failure to admit a newspaper article concerning the fire, and his denial of its motion for a mistrial based on comments concerning the article made by plaintiff's attorney during summation, require a new trial. We find no abuse of discretion in light of Evidence Rule 4. Neither plaintiff's estranged husband to whom the article referred as its source, nor the reporter who wrote the article testified. The article therefore represented hearsay on hearsay and was correctly barred from admission into evidence.
Grant urges that the article should have been admitted pursuant to Evidence Rule 6, with Evidence Rule 20 as a supporting basis. However, as the comments by the State Rules of Court Review Commission to Evidence Rule 6 note, a trial judge can still exclude evidence which may have limited admissibility value if he feels that a cautionary or limiting instruction will not neutralize the prejudice engendered by such evidence. Moreover, an appellate court will not reverse an Evidence Rule 4 decision by a trial judge unless it appears that he abused the wide discretion that he may exercise. See Wimberly v. Paterson, 75 N.J. Super. 584, 608-609 (App. Div. 1962), certif. den. 38 N.J. 340 (1962). We cannot conclude that defendant was manifestly prejudiced by the exclusion of the newspaper article.
In the course of his summation plaintiff's attorney said that Newman's account about his conversation with plaintiff concerning paint remover in the apartment was concocted from Newman's awareness of the newspaper article. He also suggested that the testimony of the owner of a hardware store about plaintiff's purchase of paint remover on the day of the fire and her son's later purchase of a gallon of the material, was subject to the same inference. Defendant moved for a mistrial, which was denied. The motion was addressed to the *564 sound discretion of the court. On the basis of the record, we find no abuse of discretion.
Defendant also argues that the attorney's comment on summation concerning photocopies of the delivery slips for the furniture was prejudicial and required a mistrial. The photocopies were in evidence, and while the attorney did suggest during summation that they might not be genuine in all respects, his comment was not so prejudicial as to require a new trial. Plaintiff had testified that she was not home when the furniture was delivered and the delivery receipts allegedly signed. Accordingly, the suggestion that the photocopies were perhaps altered was not implausible.
Nor do we find an abuse of discretion in the judge's refusal to charge that an unfavorable inference could be drawn from plaintiff's failure to produce Dolores Thorpe, who had been identified during plaintiff's testimony as present at the time Newman arrived and when he left. The trial judge emphasized her availability to all parties in denying defendant's request for such an instruction: Dolores Thorpe could have served to support or to contradict plaintiff's story. See Wild v. Roman, 91 N.J. Super. 410 (App. Div. 1966).
Error is claimed when the trial judge stated to potential jurors on voir dire that the fire occurred shortly after Newman left plaintiff's apartment. Although we have no record of what happened on voir dire, we know from the record that the judge immediately gave a cautionary instruction, so that any error was cured. We see nothing that was clearly capable of producing an unjust result.
Finally, defendant attacks the allowance of interest under R. 4:42-11, claiming that the rule must be given prospective application to judgments entered after the effective date of that rule (January 31, 1972; judgment entered June 21, 1972). Busik v. Levine, 63 N.J. 351, 360-361 (1973), authorized retrospective application of interest in tort actions instituted before the effective date of the authorizing statute.
The judgment is affirmed.