147 N.J. Super. 143 (1977)
370 A.2d 889
AUGUST C. SIMONS, JR. AND BARBARA J. SIMONS, HUSBAND AND WIFE, PLAINTIFFS-RESPONDENTS,
v.
DOROTHY R. SAAZ, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 17, 1977.
Decided January 31, 1977.
*144 Before Judges CARTON, KOLE and LARNER.
Messrs. McLaughlin, Abbotts and Cooper, attorneys for appellant (Mr. Roland R. Formidoni on the brief).
Messrs. Warren, Goldberg and Berman, attorneys for respondents (Mr. Robert A. Gladstone on the brief).
The opinion of the court was delivered by KOLE, J.A.D.
The trial judge held that the amendment to the prejudgment interest rule in tort actions, R. 4:42-11(b), effective April 1, 1975, increasing the interest rate from 6% to 8%, applies to all judgments entered after that date. On this appeal, defendant contends that *145 the 8% rate should not apply retrospectively; that the 6% rate should be used from May 17, 1973, when the action was commenced, until April 1, 1975, the effective date of the amendment to the rule, and that the 8% rate only should be applied for the period from April 1, 1975 until July 1, 1975, when the judgment was entered. We affirm.
Basically, the court rule is one of procedure. Such a rule usually is retrospective in operation, absent a provision to the contrary. R. 4:42-11(b), as amended, neither expressly nor impliedly makes the dichotomy urged by defendant. It continues to provide that the court "shall, in tort actions, * * * include in the judgment interest at 8% [instead of 6%] per annum on the amount of the award from the date of the institution of the action or from a date 6 months after the date of the tort, whichever is later * * *." The 8% prejudgment interest applies to all judgments entered after the effective date of the amended rule, subject to the exception provided therein.[1] The date that the action was commenced or the tort occurred is relevant only as to the beginning point from which the interest is computed. See Busik v. Levine, 63 N.J. 351, 360-361, app. dism. 414 U.S. 1106, 94 S.Ct. 831, 38 L.Ed.2d 733 (1973); Hill v. Newman, 126 N.J. Super. 557, 564 (App. Div. 1973), certif. den. 64 N.J. 508 (1974). See also, Huddell v. Levin, 395 F. Supp. 64, 93 (D.C.N.J. 1975).
Until this court rule is otherwise changed by the Supreme Court, our interpretation makes it, and any later amendments with respect to the prejudgment interest rate, simple and practical in application. The trial courts, in administering the rule, will not be required to refer back to interest rates prescribed by rules prior to any amendment. The rule applicable at the time judgment is entered will govern.
*146 It is true that the rule recognizes that until the judgment is entered, defendant has the use of money rightfully belonging to plaintiff, and that before the change in interest rate effected by the amendment, neither party could conceivably earn more than 6% on that money. But it is not inappropriate to note that often interest rule changes such as this do not occur until long after the interest rate in the commercial market has become well established.
Affirmed.
NOTES
[1] That exception permits the court to suspend the running of prejudgment interest in exceptional cases.