[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant signed a note to the plaintiff in the amount of $10,000 on November 1, 1982. The note provides that it is without interest and was to be paid upon the sale of the residence at 471 Roosevelt Drive in Oxford. The defendant was the sole owner of that property and signed a mortgage deed on the same date to secure the promissory note. The understanding of the parties was that the property was to be immediately listed for sale. The defendant listed it for about three months, but took it off the market without CT Page 4499 informing the plaintiff, and has not relisted it or refinanced the property.
At one time the parties had a close relationship and the plaintiff lived in the defendant's house with the defendant for a short time after the note was signed. Demand for payment of the note was made by the plaintiff until 1985, but no payments have been made on the note at any time.
The plaintiff's complaint contains two counts, which are claims of fraudulent misrepresentation and unjust enrichment. The plaintiff claims damages, interest at the legal rate and specific performance of the agreement. The defendant filed a special defense of accord and satisfaction, based upon an alleged agreement for the plaintiff to pay the defendant $50 per week for the time that he lived in the defendant's house to reduce the $10,000 debt. The defendant has not proved the special defense by a preponderance of the evidence. The plaintiff is entitled to judgment for the face amount of the note, namely $10,000. The plaintiff is also entitled to recover interest on that amount from January 1, 1986 at the legal rate of interest in section 37-3a of the General Statutes. The court finds that even though the defendant was supposed to list the house for sale and failed to do so, the plaintiff tacitly accepted this arrangement for a period of time, and it would not be equitable for the plaintiff to recover interest until after he made a demand for payment, which did not occur until 1985. In deciding whether prejudgment interest should be awarded there is no set rule, and the question in each case is whether the detention of the money is or is not wrongful under the circumstances, and whether it is reasonable to allow interest as damages for the loss of use of money. Bertozzi v. McCarthy, 164 Conn. 463, 466. The defendant should have listed the house for sale again when the plaintiff demanded payment, and interest should start within a reasonable period of time thereafter, allowing a few months for the house to be sold in what was then a favorable real estate market. Interest is allowed from January 1, 1986. The rate of interest under section 37-3a has been ten percent (10%) per year since October 1, 1983. Neiditz v. Morton S. Fine 
Associates, Inc., 199 Conn. 683, 690, 691. Interest on $10,000 at ten percent per year for almost five years is $4,934.
Judgment shall enter for the plaintiff in the amount of $14,934. plus costs.
ROBERT A. FULLER, JUDGE CT Page 4500