[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff, Associated Construction Company, Inc. (Associated) commenced this action against the City of CT Page 438 Milford. The complaint contains three counts. The first count is for breach of contract. The second count is for consequential damages for additional work arising out of breach of the contract. The third count is for negligence. The defendant, City of Milford, then brought an action as third party plaintiff against an engineering firm, Metcalf Eddy, Inc., the engineer hired by the City to supervise the construction contract between Associated and Milford. Milford's third party complaint against Metcalf Eddy as third party defendant contains one count. It claims that if Milford is found liable to Associated due to breaches of contract and wrongful acts and omissions, then the third party defendant is liable to Milford for contribution for any damages that Milford owes to the plaintiff. The third party defendant has filed a motion to strike the third party complaint claiming that Milford cannot obtain indemnification based on active/passive negligence or contribution because this is a contract action rather than a tort action. It claims, that contribution is not permitted under Connecticut law under the facts here.
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of a complaint and whether it states a claim upon which relief can be granted. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170. With a motion to strike all of the facts alleged in the complaint and facts necessarily implied from the allegations in it are accepted as true, and the complaint is construed in the manner most favorable to the pleader. Blancato v. Feldspar Corporation, 203 Conn. 34, 36, 37; Gordon v. Bridgeport Housing Authority, supra, 170. The third party complaint combines in one count a claim for contribution for damages it owes to the plaintiff, based upon both breach of contract and wrongful acts and omissions of the third party defendant. If any of the allegations in the one count complaint state a cause of action, the motion to strike must be denied. Where as here two causes of action are combined in the same count, both will survive even though one might not otherwise state a cause of action if it had been pleaded in a separate count. The proper way to cure combining separate causes of action in one count is by a request to revise rather than a motion to strike the entire complaint. Rowe v. Godou, 209 Conn. 273, 279.
A defendant can obtain indemnification from someone else if that party is primarily liable. A party can obtain indemnification if there is a contract to indemnify. Indemnification can also be claimed by proving that the party against whom indemnification is sought either dishonored a contractual provision or engaged in some tortious conduct. CT Page 439 Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74; Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405, 411. There is an exception to the general rule of no contribution between joint tortfeasors where the primarily liable tortfeasor owes an independent legal duty to the secondarily liable tortfeasor. Atkinson v. Berloni, 23 Conn. App. 325,326. In order to establish that a party was primarily negligent and thus liable to indemnify a secondarily negligent tortfeasor, the following elements must be proved: "(1) the party must have been negligent; (2) its negligence rather than another's was the direct and immediate cause of injury; (3) it had exclusive control over the situation; and (4) the negligent party seeking indemnification did not know of the charged party's negligence, had no reason to anticipate it and could reasonably have relied on the charged party to act without negligence." Weintraub v. Richard Dahn, Inc., 188 Conn. 570, 573; Atkinson v. Berloni, supra, 326, 327; Burkert v. Petrol Plus of Naugatuck, Inc., supra, 74. Connecticut also recognizes a cause of action for the negligent performance of a contract, namely for the breach of duty which arises out of a contractual relationship. Neiditz v. Morton S. Fine Associates, Inc., 199 Conn. 683, 688. Breach of an express contract obligation may give rise to an action for indemnity between tortfeasors. Kaplan v. Merberg Wrecking Corporation, supra, 409-411.
The third party complaint here is an omelet of many theories which the court cannot unscramble on a motion to strike. It is clear that a claim for indemnity resulting from a specific breach of an express contract obligation does state a cause of action, sufficient to survive a motion to strike. Maccarone v. Hawley, 7 Conn. App. 19, 23, 24. Facts which can be produced under other theories based on allegations in the third party complaint can also result in the right of indemnification. If the third party complaint is construed most favorably to Milford it does state a cause of action.
The motion to strike is denied.
ROBERT A. FULLER, JUDGE