[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The basis for the claims in this action is the sale of CT Page 3832 real property which the plaintiffs purchased from some of the defendants on August 16, 1988. The Eighth and Ninth Counts are against the defendant Fred D'Amico, a surveyor who prepared a subdivision map showing several lots, including lots 3 and 4 on Long Hill Cross Road in Shelton, later purchased by the plaintiffs. The subdivision map contains several notes including one that states: "All lots to be served with public water, and public sanitary sewers." The Eighth Count claims that this was an actionable fraudulent misrepresentation. The Ninth Count alleges that the defendant surveyor was negligent by failing to ascertain that the subdivision lots were not going to be served by public sanitary sewers. The defendant D'Amico has filed a motion to strike the Eighth and Ninth counts, contending that they do not state a valid cause of action.
With a motion to strike, all of the facts alleged in the complaint and facts necessarily implied from the allegations in the complaint are accepted as true. Blancato v. Feldspar Corp., 203 Conn. 34, 36, 37, however the court is limited to the facts alleged in the complaint. King v. Board of Education, 195 Conn. 90, 93; Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170. The court must construe the in the complaint most favorably to the plaintiff. Id; Blancato v. Feldspar Corp., supra, 37. In order to recover for fraudulent misrepresentation a plaintiff must show: (1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the other party did so act on it to his injury. Miller v. Appleby, 183 Conn. 51, 54, 55; J. Frederick Scholes Agency v. Mitchell, 191 Conn. 353, 358. Where a fraudulent misrepresentation claim is made by the buyers of a building lot, one of the necessary elements is that the representation made by the defendant was made to induce the plaintiffs to buy the land. Kavarco v. T. J. E., Inc., 2 Conn. App. 294, 296. The subdivision map is dated April 13, 1988 and revised May 24, 1988, according to paragraph 7 of the Eight Count. The complaint does not state when the map was recorded. Presumably the map was on record when the plaintiffs brought their property, but the complaint does not allege that the note was placed on the map by the defendant surveyor in order to induce the plaintiffs to buy the two lots. It is difficult to conceive of a reason or situation where a surveyor would place notes on a survey map with the intent of inducing unknown future potential buyers to buy the lots on the map, but in any event the complaint does not contain the necessary allegations for a fraudulent misrepresentation claim here. Moreover, the complaint does not allege any direct representations made by the defendant CT Page 3833 surveyor to the plaintiffs, and the absence of a relationship between them is an additional ground why the Eighth Count is defective. The plaintiffs have not identified any cases which hold a surveyor liable for fraudulent misrepresentation by buyers of property who claim to have relied upon notes on a recorded survey map when they bought their property and there was no direct contact between the surveyor and the buyers.
The Ninth Count states that the subdivision map contained the note that the lots would be connected to the sewer and that the surveyor was negligent in failing to check the land records and with the Town Engineering Office to determine whether the subject property did have public sanitary sewers. The plaintiffs further claim that they paid more than the fair market value of the property in reliance upon the belief that the lots were served by public sanitary sewers. Under Connecticut law a surveyor can be liable for negligence to the person who hired him for failure to make an accurate survey of land and establish its correct boundaries. Neiditz v. Morton S. Fine Associates Inc., 199 Conn. 683,687, 688. However, there are apparently no Connecticut decisions on whether a land surveyor can be liable for negligence to someone other than the party who hired him for errors and omissions in a survey. The defendant contends that a privity requirement exists for negligence claims since negligence requires breach of a duty, and where there is no legal duty there can be no actionable negligence. The defendant relies upon an Indiana case, Essex v. Ryan,446 N.E.2d 368 (1983), which holds that subsequent purchasers of property with no direct relationship with a surveyor were barred from recovering for the negligence of the surveyor in preparing a survey. The defendant also relies upon similar cases from other states concerning claims against architects for economic damages by subsequent purchasers of property.
While there may be no Connecticut decisions on this specific issue, some guidance is provided by cases on other relationships. In Coburn v. Lenox Homes, Inc., 173 Conn. 567, an action on several theories for a defective septic system for a residence constructed for the plaintiffs' predecessor in title by the defendant, there was no contact between the plaintiffs and the defendant. Counts of breach of express and implied warranties and breach of contract failed because there was no privity between the parties. The privity requirement was rejected, however, for a negligence claim because it was applicable only to actions arising out of a contract theory and irrelevant in a tort action. Id., 574. The court stated that a builder or contractor can be liable for injuries or damages caused by negligence to persons with CT Page 3834 whom there was no contractual relationship even though the work is completed and accepted by the owner before the injuries or damage occurred, and liability may be imposed if it is foreseeable that the contractor's work, if negligently done, may cause damage to the property or injury to persons living on or using the premises; the existence of a duty to use care depends upon the foreseeability that harm may result if it is not exercised, and liability of the defendant depended on the resolution of factual questions on the foreseeability issue before the negligence claim could be resolved. 173 Conn. at 575, 576. In Zapata v. Burns,207 Conn. 496, 516, 517, it was recognized that elimination of the privity requirement in negligence cases applied not only to building contractors but also to architects and engineers. Krawczyk v. Stingle, 208 Conn. 239, 244-246, and Terremar v. Ginsburg Ginsberg, 6 CSCR 438 (1991) (Dorsey, J.) stated that as a general rule attorneys are not liable to persons other than their clients for the negligent rendering of services, but an exception to this rule exists when a plaintiff was an intended or foreseeable beneficiary of the attorney's services. In actions against attorneys the preliminary consideration is whether the main or direct purpose of the transaction was to benefit the third party, but additional factors include foreseeability of harm, the proximity of the injury to the conduct complained of, the policy of preventing future harm and the burden on the legal profession that would result from the imposition of liability. Krawczyk v. Stingle, supra, 245, 246. Connecticut also recognizes a cause of action for negligent misrepresentation based on section 552 of 3 Restatement (Second), Torts (1979). D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206, 217-219. Under that provision there may be liability for professional persons who negligently supply false information for the guidance of others and their business transactions where there is justifiable reliance upon the incorrect information, the professional person fails to exercise reasonable care or competence in obtaining or communicating the information, and the recipient of the information is a member of the limited group of persons who were expected to benefit from and rely upon the information.
There is no sound reason why the elimination of the privity requirement for negligence actions against contractors, architects and attorneys should not also extend to surveyors, provided that the injury to the plaintiff from a negligently prepared survey was foreseeable, and the plaintiff can be considered an intended beneficiary of the survey. If the complaint here is construed most favorably to the plaintiff as required on a motion to strike, evidence CT Page 3835 admitted under the complaint may allow a recovery for defects in the survey. An injury to a buyer of a surveyed lot is more foreseeable than an injury to a member of the public in general who reviews the land records. While liability may only exist in exceptional cases, factual issues cannot be decided on a motion to strike.
The motion to strike the Eighth Count is granted. The motion to strike the Ninth Count is denied.
ROBERT A. FULLER, JUDGE