George C. **BRANDEWIEDE**

v.

**EMERY WORLDWIDE, a CF Company.**

**Civ. No. 5–90–504 (WWE).**

United States District Court, D. Connecticut.

Oct. 12, 1994.

---

**9.**  As plaintiff does not argue that the CUTPA and CUIPA claims are saved by § 514(b), no further discussion is necessary here.

Gary L. Johansen, Scheffler & Johansen, Westport, CT, Frank P. Luberti, Jr., Stamford, CT, for George C. Brandewiede.

Carol K. Young, Schatz & Schatz, Ribicoff & Kotkin, Stamford, CT, Stephen J. Fearon, Condon & Forsyth, New York City, for Emery Worldwide.

## MEMORANDUM OF DECISION

EGINTON, Senior District Judge.

Plaintiff, George C. Brandewiede, brought this action against defendant, Emery Worldwide, alleging that defendant failed to pay plaintiff a finder's fee for services rendered in connection with an aircraft leasing arrangement between defendant and a third party, Polaris Aircraft Leasing Corporation. Plaintiff set forth four causes of action in his amended complaint: breach of an express contract (count one); breach of an implied contract (count two); fraud (count three) and violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn.Gen.Stat. § 42–110a *et seq.* (count four).

A four-day jury trial was held. This court reserved decision on plaintiff's CUTPA claim and instructed the jury on plaintiff's claims for breach of an express contract, breach of an implied contract and fraud. The jury returned a verdict in favor of plaintiff on the breach of an implied contract and awarded plaintiff $433,050 in damages, plus interest and attorneys' fees. The jury found in favor of defendant on the claims of breach of an express contract and fraud. Judgment was entered on September 30, 1994, in favor of defendant on counts one and three and in favor of plaintiff on count two. The judgment provides that plaintiff will recover "$433,050 plus interest and reimbursement of legal fees."

Pending before the court are the issues of whether defendant's conduct violated CUTPA and whether plaintiff is entitled to prejudgment interest on the jury's award.

## DISCUSSION

### A. CUTPA Claim.

Plaintiff claims that defendant violated CUTPA by scheming to deny plaintiff the payment of his commission through false statements, deceit and misrepresentations. CUTPA provides in pertinent part, that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn.Gen.Stat. § 42–110b(a). The terms "trade or commerce" are defined as "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real or personal or mixed, and any other article, commodity or thing of value in this state." Conn.Gen.Stat. § 42–110a(4). A party may be awarded actual and punitive damages as well as attorneys' fees for any ascertainable loss under CUTPA. Conn.Gen.Stat. § 42–110g(a), (d).

Plaintiff has not sustained his burden of proving that defendant is engaged in the "trade or commerce" of selling, purchasing or leasing commercial aircraft. There is no viable claim under CUTPA when the practice complained of is incidental to the true trade or business conducted. *Arawana Mills Co. v. United Technologies Corp.*, 795 F.Supp. 1238, 1253 (D.Conn.1992). The amended complaint states that "Emery was involved in the air freight and cargo business and, in that regard, was frequently involved in the purchase, sale and leasing of commercial aircraft." The evidence proffered at trial, however, shows that Emery is primarily engaged in the business of overnight freight delivery. In this case, defendant's conduct of leasing the aircraft was incidental to its primary business of providing overnight freight service.

Even if plaintiff proved that defendant was engaged in the trade or business of leasing aircraft, plaintiff has not demonstrat-

ed that defendant's acts were unfair under the meaning of CUTPA. To determine whether certain conduct is unfair, courts must consider the following three criteria: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise—whether, in other words, it is within at least the penumbra of some common law, statutory or other established concept of fairness; (2) whether it is immoral, unethical, oppressive or unscrupulous; (3) whether it causes substantial injury to consumers (competitors or other businessmen).

All three criteria do not need to be satisfied. A practice may be unfair because of the degree to which it meets one of the criteria or to a lesser extent it meets all three. *Cheshire Mortgage Service, Inc. v. Montes*, 223 Conn. 80, 105–06, 612 A.2d 1130 (1992). A CUTPA violation can be established by showing either an actual deceptive practice or one amounting to a violation of public policy. An act is considered deceptive if it has the tendency or capacity to deceive. *Shell Oil Co. v. Wentworth*, 822 F.Supp. 878, 884–885 (D.Conn.1993).

The court finds that plaintiff did not proffer evidence at trial that meets the first and third criteria. Plaintiff did not demonstrate that defendant's actions violated public policy or caused substantial injury to consumers. As to the second criteria, plaintiff argues that there existed ample evidence showing that defendant's acts were immoral, unethical, oppressive and unscrupulous. However, the court finds that the evidence proffered at trial does not rise to the level of a CUTPA violation. Given the jury's finding in favor of defendant on the claim of fraud, defendant's acts did not have the tendency or capacity to deceive. Accordingly, the court finds in favor of the defendant on plaintiff's CUTPA claim. Since the court does not find liability under CUTPA, plaintiff is not entitled to an award of attorneys' fees.

**B. Prejudgment Interest.**

■ Plaintiff claims that he is entitled to an award of prejudgment interest pursuant to the jury's verdict. When the court's jurisdiction is based upon diversity, an award of prejudgment interest is governed by state law. *Galvin v. Newton*, 1991 WL 218485, at *3 (D.Conn. September 18, 1991). Conn.Gen. Stat. § 37–3a provides in relevant part, that "interest at the rate of ten percent a year, and no more, may be recovered and allowed in civil actions ... as damages for the detention of money after it becomes payable." An award of prejudgment interest pursuant to Section 37–3a is an equitable determination within the discretion of the court. *Prime Management Co., Inc. v. Steinegger*, 904 F.2d 811, 817 (2d Cir.1990) (citing *Nor'easter Group, Inc. v. Colossale Concrete, Inc.*, 207 Conn. 468, 482, 542 A.2d 692 (1988)).

■ In the case at hand, the jury verdict indicates that interest should apply to the damage award. This interest award disregards the fact that it was not within the jury's discretion to award prejudgment interest. The jury charge did not instruct the jury to consider an award of prejudgment interest. Neither did the jury charge suggest in any fashion that any type of interest could be awarded. Interrogatories were not presented to the panel. The jury awarded interest and attorneys' fees on its own volition without considering whether it had the legal authority to do so. Consequently, the jury's "interest" award will be construed as an award of post judgment interest and this court will exercise its legally mandated authority and review whether prejudgment interest is appropriate.

■ Factors for the court to consider when deciding whether to award prejudgment interest are: 1) whether the detention of money was wrongful under the circumstances; 2) whether the sum recovered was a liquidated amount; and 3) whether the party seeking prejudgment interest diligently presented its claim. *Boulevard Associates v. Sovereign Hotels, Inc.*, 861 F.Supp. 1132, 1141 (D.Conn.1994) (citing *Prime Management Co., Inc. v. Steinegger*, 904 F.2d at 817).

■ In this case, the jury determined that the defendant did not act fraudulently when dealing with plaintiff. Additionally, there was no finding that the defendant acted

wrongfully or in bad faith in its dealings with plaintiff. The parties' relationship was of a nebulous nature stemming from the absence of a written agreement setting forth plaintiff's right to compensation. It was unclear as to what amounts the parties agreed to allow plaintiff for his services. Under the circumstances, the defendant cannot be said to have wrongfully detained plaintiff's funds.

While an implied contract was found to exist, the amount owing under the contract was not a liquidated sum. On three occasions the plaintiff cited to differing amounts allegedly due under the unwritten agreement. Although not a controlling factor, the fact that the amount of compensation owed plaintiff could not be reasonably ascertained by the defendant at the time the money was payable under the implied contract is a further indication that defendant did not wrongfully detain funds due and owing the plaintiff. *See United Aircraft Corp. v. Int'l Ass'n of Machinists*, 161 Conn. 79, 107, 285 A.2d 330 (1971).

 The purpose of Connecticut General Statute § 37–3a is to "compensate the prevailing party for delay in obtaining money that rightfully belongs to him". *Continental Mach. Tool Co., Inc. v. Beacon Indus., Inc.*, 1993 WL 498752, at \*2 (Conn.Super.Ct. November 19, 1993) (citing *Neiditz v. Morton S. Fine & Associates, Inc.*, 199 Conn. 683, 691, 508 A.2d 438 (1986)). Where a plaintiff fails to diligently file his claim and is, thereby, partially responsible for the delay of an award then he should not reap the benefit of Connecticut's prejudgment interest statute. The breach of the implied contract in issue occurred in November, 1987. Plaintiff did not commence this action until October, 1990, almost three years after the breach occurred. An award of prejudgment interest would not be appropriate under the circumstances since plaintiff was partially responsible for the lengthy span of time which expired from breach until judgment. Accordingly, the court finds that plaintiff is not entitled to an award of prejudgment interest pursuant to Conn.Gen.Stat. § 37–3a.

## CONCLUSION

For the reasons set forth above, the Clerk is directed to amend the judgment entered on September 30, 1994, to state that judgment is entered in favor of defendant on counts one, three and four of plaintiff's amended complaint. The Clerk is also directed to exclude the award of "interest and attorney's fees" on plaintiff's damage award of $433,050 on count two.