[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE HEARING IN DAMAGES
Plaintiffs bring this action in eight counts against Stanley E. Golab Builders, Inc. (Builders), Stanley E. Golab (Golab), Shady Lane Developing Corporation (Shady Lane) and others. Defaults have been entered against each of the three named defendants. On April 3, 1996 this court conducted the hearing in damages as to those three based on the First, Second, Third and Eighth counts.
Facts
Plaintiffs entered into a contract to have a house built on a lot owned by Builders for $339,045. They paid total deposits of $76,962.18. The closing was to take place "in June 1995" but did not occur until December 19, 1995. At the CT Page 3940 closing plaintiffs also had to pay to record releases $77, courier fees, $75 and Connecticut Revenue Service Tax, $1,695.23.
At the closing plaintiffs also paid
 (1) a conveyance tax of $372.94 (2) Caron Brothers $7,500.00 Caron Brothers $2,500.00 note (3) Laureno Lumber $10,000.00 (4) Nairnes $4,000.00 (5) Professional Drywall $5,600.00 (6) Quality Insulation $733.00 (7) State Line Electric $30,000.00 ----------- TOTAL $33,705.94
They did not pay Chowanec Well Drilling.
The court does not have a copy of the "plans or specifications or descriptions of materials" referred to in the Bond for Deed. The court has no evidence of the existence of "ledge" but in the absence of evidence assumes there was none.
The driveway was to be paved per the "specifications."
The house had a certificate of occupancy at closing but had several defects in the work and some work was incomplete.
The plaintiffs have not sustained their burden of proof in regard to Golab's responsibility. We are a fact pleading state but we need facts to support whatever conclusions are alleged in a complaint.
In Exhibit 2 plaintiff lists some 30 items of expense. The court finds the amount due plaintiffs is as follows as to the numbered items:
 (2) $3,421.65 (4) 2,030.00 (5) 5,279.80 (9) 484.00 (12) 382.74 (13) 4,071.20 (14) 3,854.68 (15) 800.00 (18) 1,071.00 (19) 500.00 (20) 593.00 (22) 12,885.73 (23) 2,000.00 (26) 1,000.00 (28) 3,000.00 ---------- TOTAL $41,373.80 CT Page 3941
As to Items 3, 6, 7, 8, 10, 11, 16, 17, 21 and 29, there is insufficient evidence of payment or that the claimed amounts are reasonable or that the work was done. As to Item 30 obviously a lot of work was done but the court does not know the number of hours required.
As to Item 1 we have a gross number claimed of $44,612.11 but the court cannot sort out the amounts paid for "Lien Releases, Taxes — Conn. Tax." The court is directed to a "Letter from Bob Elliott." There is a letter from his office with a bank "pay-off letter" attached but neither refer to the supposed payments. The court is not capable of reconstructing this closing from the documents and directions it has.
Even under the view of Carangelo v. Nutmeg Farm,115 Conn. 457, 461-463 the court cannot find that all the claims in Items 1, 3, 4, 6, 7, 8, 10, 11, 16, 17, 21, 27, 29 and 30 are proven damages.
As to Builders the court finds the actions set forth in the second count of the complaint justify a finding of CUTPA violations. C.G.S. § 42-110a et seq.
The contract does not provide for attorney's fees but the court finds reasonable attorney's fees to be $10,000 under CUTPA, supra.
The court does not know how much money the plaintiffs paid to Builders on the contract.
The court cannot find that Golab committed one or more torts against plaintiffs. CT Page 3942
The court cannot find that Shady Lane ever contracted with plaintiffs or was ever the alter ego of or had identity with Builders.
Law
Plaintiff claims $35,349 for his time at $30 per hour . . . to over see [sic] job because Golab was not there." We have no evidence that this is a fair and reasonable amount. We have no evidence that it was agreed to by any defendant. We have no evidence that some or all of it was necessary.
Plaintiff claims to have borrowed some money on a "second mortgage to pay lien [sic]" and that the interest on that mortgage is $15,456.20. This court may award interest for the retention of money. Neiditz v. Morton S. Fine Associates,199 Conn. 683, 690-691. That is true of the amounts plaintiffs advanced at the closing and those sums they were forced to expend to complete the house in a good and workmanlike manner.
The court finds for plaintiffs in the amount of $86,427.32 and awards prejudgment interest on that sum from August 1, 1995 to date against Stanley E. Golab Builders, Inc.
N. O'Neill, J.