[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
The defendant, George D. Porto Plumbing Heating, Inc. (hereinafter Porto Plumbing) has moved to strike the First, Second, Third and Fourth Counts of the plaintiff's revised complaint. Porto Plumbing claims that the first and third counts seek to recover the costs of the litigation as opposed to actual or compensatory damages, and that the second and fourth counts do not set forth a cause of action recognized by Connecticut law. The plaintiff, Ronald Meneo, et. al (hereinafter the Meneos), objects to the motion to strike. For the reasons set forth below, the motion to strike is denied.
On November 1, 1996, the Meneos filed a four count revised complaint against Porto Plumbing. Counts one and three of that complaint allege that on or before April 13, 1994, Porto Plumbing was retained to do plumbing work at Meneos' residence. The Meneos alleges that Porto Plumbing's employees negligently used a blow torch in making the repairs, and, as a result, the Meneos' house caught on fire. The Meneos claim that a public fire insurance adjuster had to be hired to investigate and estimate the damage to the property. In counts one and three, the Meneos seek recovery of the costs for the public fire insurance adjuster.
In counts two and four, the Meneos allege that they arrived at their residence shortly after the fire began and witnessed the destruction of their home by the fire and by the fire department as they attempted to extinguish the blaze. The Meneos allege that as a result of this experience they suffered severe emotional and psychological trauma and damages.
Discussion
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15
(1992). When reviewing a motion to strike, "[t]he court must construe the facts in the complaint most favorable to the plaintiff." Id., 215. "The motion to strike . . . admits all CT Page 3388 facts well pleaded." Alarm Applications Co. v. Simsbury VolunteerFire Co., 179 Conn. 541, 545 (1980).
Counts One and Three
Porto Plumbing argues that counts one and three should be stricken because the Meneos, by seeking recovery for the public fire adjuster costs, are attempting to recover the costs and expenses of litigation. According to the assertions in the Meneos' memorandum of law in opposition to the motion to strike, the public fire adjuster was not hired in anticipation of litigation or at the direction of counsel.
Expenses of litigation are not recoverable as actual or compensatory damages because such expenses "are not the natural and proximate cause of the wrongful act. . . ." Maisenbacker v.Society Concordia, 71 Conn. 369, 378 (1899). A party, however, is liable "for those damages which are the proximate result of his negligence." Neiditz v. Morton S. Fine Associates, Inc.,199 Conn. 683, 689 (1986).
Whether the Meneos hired the public fire adjuster to investigate the fire for litigation purposes or for other purposes are factual questions existing outside of the complaint. The court cannot consider facts not alleged in the complaint when reviewing a motion to strike. Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348 (1990). Since this is a question of fact, the motion to strike counts one and three is denied.
Counts Two and Four
Porto Plumbing argues that the court should strike counts two and four of the revised complaint because Connecticut law restricts claims for negligent infliction of emotional distress to cases were the plaintiff observed a close relative incur immediate bodily harm or where the plaintiff is "subjected to fear of immediate bodily harm. . . ." (Defendant's Motion to Strike, November 18, 1996). Accordingly, Porto Plumbing claims that the Meneos may not recover for negligent infliction of emotional distress because they witnessed the burning of their house.
To recover for negligent infliction of emotional distress, a plaintiff must prove that the defendant "should have realized that its conduct involved an unreasonable risk of causing CT Page 3389 emotional distress and that that distress, if it were caused, might result in illness or bodily harm." Montinieri v. SouthernNew England Telephone Co., 175 Conn. 337, 345 (1978). "[R]ecovery for unintentionally-caused emotional distress does not depend on proof of either an ensuing physical injury or a risk of harm from physical impact." Id.
The holding in Montinieri v. Southern New England Telephone
does not require a plaintiff to plead or prove that her emotional distress was caused by an immediate fear of bodily injury or by the witnessing of a relative receiving immediate bodily harm. Moreover, courts have upheld claims for negligent infliction of emotional distress in situations where the plaintiff was not subject to immediate bodily harm. See Morris v. Hartford CourantCo., 200 Conn. 676, 683 (1986) (negligent infliction of emotional distress based on claim of unreasonable conduct in terminating plaintiff's employment); see also Emerick v. Kuhn, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 460869 (May 7, 1996, Handy, J.) (negligent infliction of emotional distress based on claim of termination of employment without proper investigation.)
Counts two and four of the revised complaint adequately plead a cognizable cause of action under Connecticut law. Accordingly, the motion to strike counts two and four is denied.
Conclusion
For the reasons set forth above, the motion to strike counts one, two, three, and four of the November 1, 1996 revised complaint is denied.
So Ordered at New Haven, Connecticut this 18th day of March, 1997.
Robert J. Devlin Jr., Judge