[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT, DATED SEPTEMBER 25, 2002, AND OBJECTION, DATED DECEMBER 16, 2002
 I BACKGROUND
The defendants filed a motion for summary judgment, dated September 25, 2002, to which the plaintiffs objected and submitted a memorandum of law in opposition, dated December 16, 2002. A reply brief of the defendants was submitted by date of December 23, 2002. Argument by counsel was heard by the court on December 23, 2002. Briefs of the respective parties were reviewed. case concerns the single count legal malpractice claim of a commercial
The case concerns the single count legal malpractice claim of a commercial enterprise, KLO Associates, Inc. (KLO), and Karen Glaser, the sole shareholder of KLO (see substituted complaint, dated August 25, 1999), against Pullman Comley, LLC (Pullman) and Ronald Sharp, Esquire, of Pullman. The defendants have answered, raised special defenses and counterclaimed. The pleadings are closed. In the prayer for relief, the plaintiffs request "lawful costs and interest."
The defendants have raised a matter of law preliminary to the trial of the case. That issue of law is whether or not the plaintiffs can claim prejudgment interest calculated from the date (in 1995 or 1996) in which each underlying loss or expense item was incurred, and accruing until the date of a judgment in plaintiffs' favor.
 II DISCUSSION
Both parties have agreed to submit this matter to the court prior to CT Page 15334-gh the actual trial of the case. Ordinarily, such a decision is a matter for the trial court. See Neiditz v. Morton S. Fine Associates, Inc.,199 Conn. 683, 691, 508 A.2d 438 (1986). This court will clarify the issue and establish the law of the case as it proceeds to future trial scheduled for March, 2003.
The law in Connecticut is clear. Unless a contract between the parties allows for interest, there must be a statutory foundation for a prejudgment interest claim. See Neiditz, supra.
Section 37-3b of the Connecticut General Statutes allows for prejudgment interest in negligence actions arising on or after May 27, 1997.
Whether the plaintiffs reference the statute above in their complaint or not, it is controlling. In this case, the cause of action arose prior to the operative date of the statute. The statute will not be applied retrospectively. See Neiditz, supra.
 CONCLUSION
The defendants' motion for summary is granted. The plaintiffs' objection is overruled.
 ___________________ Downey, J.
CT Page 15334-gi