[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#104)
The defendant, Allstate Life Insurance Company,[1] moves to strike the second and third counts of the revised complaint and the prayers for relief seeking punitive damages, treble damages and attorney's fees. The motion is denied as to count two and granted as to count three and prayers for relief F and G.
 Facts
The plaintiff, Kimberly A. Golliff, filed the revised complaint on September 20, 2001. The plaintiff alleges the following facts. In 1995, the plaintiff obtained employment with Pfizer, Inc. She met with David White, an agent of the defendant in order to determine the best manner in which to transfer her 401K from her previous employment to her Pfizer savings and investment plan. The plaintiff informed White that she wanted to maintain a tax protected status for her 401 K funds until they could be transferred. White assured the plaintiff that the defendant could hold the 401 K funds in a proper account to preserve their tax protected status. The plaintiff paid the defendant eighty dollars to open an individual retirement account (IRA), into which the plaintiff's 401 K funds were placed. When the plaintiff directed White and the defendant to transfer the IRA funds to the Pfizer plan, Pfizer rejected them because the eighty dollar application fee had been commingled with the tax protected funds. As a result, the defendant has been unable to place the IRA funds in her Pfizer plan.
In the first count of the complaint, the plaintiff alleges that the defendant breached its contract with the plaintiff. In the second count, the plaintiff alleges that the defendant negligently provided erroneous investment advice to the plaintiff. In the third count, the plaintiff CT Page 8605 alleges that the defendant engaged in unfair or deceptive trade practices in violation of the Connecticut Unfair Trade Practice Act (CUTPA), General Statues § 42-110a et seq., by holding itself out as competent to provide financial planning and investment advice and then providing the plaintiff with erroneous advice. The plaintiff's prayers for relief seek, inter alia, attorney's fees and treble damages pursuant to CUTPA.
On October 3, 2001, the defendant filed its motion to strike and a supporting memorandum of law. The plaintiff filed an objection to the motion to strike and a memorandum of law on February 1, 2002, and a supplemental memorandum of law on April 4, 2002. The defendant filed a reply to the supplemental memorandum on April 16, 2002.
 Discussion
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted, or (2) the legal sufficiency of any prayer for relief in any such complaint, counterclaim or cross complaint, . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(a). "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. United TechnologiesCorp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "Practice Book . . . § 10-39, allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." Pamela B. v. Ment,244 Conn. 296, 325, 709 A.2d 1089 (1998).
The defendant's sole claim with regard to count two of the revised complaint is that it is legally insufficient because it alleges a purely contractual duty as the basis of a negligence claim. Contrary to the defendant's assertion, our appellate courts have recognized that "a defendant may be liable in negligence for the breach of duty which arises out of a contractual relationship." Neiditz v. Morton S. Fine Associates, Inc., 199 Conn. 683, 688, 508 A.2d 438 (1986); see also Bonanv. Goldring Home Inspections, Inc., 68 Conn. App. 862, 870, 791 A.2d 719
(2002). A plaintiff is therefore entitled to allege both contract and negligence theories of liability. Bonan v. Goldring Home Inspections,Inc., supra, 68 Conn. App. 869. "Even though there may not be a breach of contract, liability may arise because of injury resulting from negligence CT Page 8606 occurring in the course of performance of the contract." Johnson v.Flammia, 169 Conn. 491, 496, 363 A.2d 1048 (1975); Bonan v. Goldring HomeInspections, Inc., supra, 68 Conn. App. 870. Accordingly, the motion to strike must be denied as to the second count.
The defendant next claims that the third count is legally insufficient to state a claim under CUTPA. Specifically, the defendant argues that the third count does not state a claim under CUTPA because it alleges only a single act by the defendant. CUTPA provides that no person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes § 42-110b (a). "The split of authority within the courts of this state on the issue as to whether a single act may constitute a CUTPA violation does not require citation. This jurist, however, believes that the better reasoned opinions are those that agree that the legislature's use of the plural `acts or practices' in General Statutes § 42-110b, instead of the singular, has significance as to what may constitute a CUTPA violation." Medeiros v. Federal Paper Board, Superior Court, judicial district of New London at New London, Docket No. 536477 (July 2, 1996, Hurley, J.) (17 Conn.L.Rptr. 310, 312). This court has therefore repeatedly concluded that the allegations of a single act, as opposed to a more general business practice, is insufficient to state a claim for violation of CUTPA. See Benchmark Investments, LLC v. Elms atMystic, LLC, Superior Court, judicial district of New London at New London, Docket No. 555579 (January 11, 2002, Hurley, J.T.R.); Hightowerv. Walgreen Eastern Co., Superior Court, judicial district of New London at New London, Docket No. 553554 (August 15, 2000, Hurley, J.T.R.);Medeiros v. Federal Paper Board, supra, 17 Conn.L.Rptr. 312. The court sees no reason to depart from its previous holding on this issue.
The defendant further argues that the third count is legally insufficient because the act alleged is not immoral, unethical, unscrupulous or offensive to public policy and therefore does not violate CUTPA. Specifically, the defendant argues that the giving of erroneous advice is an insufficient basis for a CUTPA action.
As stated above, the plaintiff alleges that the defendant violated CUTPA by holding itself out as competent to provide financial planning and investment advice and then providing the plaintiff with erroneous advice. A similar claim was addressed by our Supreme Court in the medical context in Haynes v. Yale-New Haven Hospital, 243 Conn. 17, 699 A.2c 964 (1997). In that case, the plaintiff alleged that the defendant hospital was certified as a major trauma center and held itself out as such, but failed to meet the standards for a major trauma center. Id., 38. The Supreme Court stated: "By holding itself out as a major trauma center, [the defendant] was representing to the public that it would meet the CT Page 8607 applicable standards of competency for a major trauma center. We conclude that this representation is simply what all physicians and health care providers represent to the public — that they are licensed and impliedly that they will meet the applicable standards of care. If they fail to meet the standard of care and harm results, the remedy is not one based upon CUTPA, but upon malpractice. The trial court properly rendered summary judgment on the CUTPA count because no unfair or deceptive practices were alleged."[2] Id., 39.
As in Haynes, the plaintiff in the present case alleges that the defendant represented what all professionals represent, i.e., that it would meet the applicable standard of competency in its field. While the alleged failure of the defendant to meet the standard of care may give rise to a professional malpractice claim, it does not give rise to a CUTPA claim. Consequently, the third count of the revised complaint should be stricken for both of the reasons set forth by the defendant.
Finally, because the court has determined that the CUTPA count must be stricken, the prayers for relief (F and G) seeking attorney's fees and treble damages pursuant to CUTPA are also stricken.
 Conclusion
For the reasons set forth above, the motion to strike filed by the defendant Allstate Life Insurance Company is denied as to count two and granted as to count three and prayers for relief F and G.
D. Michael Hurley Judge Trial Referee