[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In their four count complaint the plaintiffs seek damages for a house fire caused by the defendant's use of soldering equipment. The plaintiffs are the homeowner, Osmund Leviness, and Covenant Insurance Company, the homeowner's insured and subrogee. The defendant Klebe Fuel Company, Inc. is a corporation in the business of installing heating systems. The June 21, 2002 amended complaint alleges that the defendant's agents or employees' use of soldering equipment during the installation of a system in the plaintiffs home resulted in a fire that caused the plaintiff personal injuries as well as property damage.
Count one of the amended complaint sounds in negligence; count two sounds in strict liability; count three sounds in breach of contract; and count four alleges a violation of Connecticut Unfair Trade Practices Act (CUTPA). The defendant moves to strike all but the first count on the grounds that the allegations of each count are legally insufficient.
A motion to strike challenges the legal sufficiency of a pleading. P.B. § 10-39. "Like the demurrer it admits all facts well pleaded. . . ." (Emphasis in original.) Mingachos v. CBS, Inc. 196 Conn. 91, 108
(1985). Further, the facts as pleaded in the complaint must be construed most favorably towards the plaintiff. Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170 (1988). Accordingly, if the facts provable under the allegations support a cause of action, the motion must fail.
The court is limited "to a consideration of the facts alleged in the complaint. A `speaking' motion to strike (one imparting facts outside the pleadings) will not be granted." Doe v. Marselle, 38 Conn. App. 360, 364
(1995), rev'd on other grounds, 236 Conn. 845 (1996); see also Cavallov. Derby Savings Bank, 188 Conn. 281, 285-86 (1982). "Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the plaintiffs pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied." LilijedahlBros., Inc. v. Grigsby, 215 Conn. 345, 348 (1990). CT Page 271
"Nothing in our cases suggests, however, that every argument in a motion to strike is rendered defective by the moving party's allegation of some fact not contained in the pleadings, regardless of whether that fact is relevant for each argument in the motion. We can see no reason to introduce such a rule, since a party whose motion to strike has been denied on the ground that it speaks on a fact that is not relevant to all of the legal claims could simply file a new motion limited to the arguments that do not depend upon that allegation." Id, 348-49.
Count two incorporates the allegations of negligence in counts one and adds the following allegations:
 12. The use of soldering equipment is an activity that generates extreme heat, sparks and/or flames, and is not an activity engaged in by the general public.
 13. The generation of extreme heat, sparks and/or flames by soldering equipment requires the operator of said equipment to possess skills not found in the general public and presents a risk of causing injury and damage.
 14. The use of soldering equipment is capable of producing harm and/or damage to persons and/or property.
 15. The use of soldering equipment, irrespective of a lawful purpose and/or actual and/or attempted due care by the user, involves a risk of probable injury and/or damage that it is intrinsically dangerous to the person and/or property of others.
(Amended Complaint dated June 20, 2002, Count 2).
It then alleges that this use caused the plaintiffs injuries. Id, (¶ 16).
The defendant argues that this count is legally insufficient because the plaintiff has not and cannot plead all the necessary elements of a strict liability count. Specifically, the defendant claims that the alleged use of soldering equipment does not involve a risk of harm which cannot be eliminated by the exercise of due care. The plaintiff responds that this determination should not be made in a ruling on a motion to strike. CT Page 272
The parties agree in citing Green v. Ensign-Bickford Co.,25 Conn. App. 479, 482-83 cert denied. 220 Conn. 919
(1991). In that case, which was an appeal from a directed verdict, the court cited and adopted the Restatement in setting out the factors for determining whether an activity is abnormally dangerous so as to subject the actor to strict liability:
 (a) existence of a high degree of risk of some harm to the person, land or chattels of others; (b) likelihood that the harm that results from it will be great; (c) inability to eliminate the risk by the exercise of reasonable care; (d) extent to which the activity is not a matter of common usage; (e) inappropriateness of the activity to the place where it is carried on; and (f) extent to which its value to the community is outweighed by its dangerous attributes.
(Internal quotation marks omitted.) Id. 486.
The Supreme Court has set out the necessary elements to impose strict liability.
 To impose liability without fault, certain factors must be present: an instrumentality capable of producing harm; circumstances and conditions in its use which, irrespective of a lawful purpose or due care, involve a risk of probable injury to such a degree that the activity fairly can be said to be intrinsically dangerous to the person or property of others; and a causal relation between the activity and the injury for which damages are claimed.
Caporale v. C.W. Blakeslee Sons, Inc., 149 Conn. 79, 85 (1961).
In reviewing the allegations in the light most favorable to the plaintiff, the court grants the motion to strike this count. The allegations do not set forth facts sufficient for this court to determine that soldering is an activity that involves a high degree of risk to others that cannot be eliminated by the exercise of reasonable care. Accordingly, count two is stricken.
As to count three, the defendant argues that the allegations are insufficient to establish a breach of contract or breach of implied covenant of good faith and fair dealing. That count incorporates the CT Page 273 allegations of the negligence count and adds the following:
 12. The defendant's proposal, LeViness' acceptance thereof, Klebe's attempted performance and LeViness' payments constituted a contract between LeViness and Klebe.
 13. The written proposal, inclusive of any oral modifications of said proposal, has both express and implied terms that Klebe will perform its services at the Colebrook house in a workmanlike manner.
 14. Klebe, by virtue of its agents' representatives' and/or employees' conduct set forth above in paragraph 11, constitutes a breach of its contract with LeViness and/or constitutes a breach of the implied convenant of good faith and fair dealing in the contract.
(Amended Complaint date June 20, 2002, Count 3.)
These allegations are sufficient to set forth a breach of contract claim. The facts of Gazo
v. Stamford, 255 Conn. 245, 262-68 (2001), are sufficiently distinguishable to make it inapplicable here.[1] The other case relied on by the defendant, Bonan v. Goldring, 68 Conn. App. 862 (2002), addresses the issue of duplicative damages in an appeal from judgment after trial for the court's failure to charge the jury. Here, in this procedural posture, the court will not preclude the plaintiff from pleading alternative theories of recovery. P.B. § 10-25. Accordingly, the motion to strike count three is denied as to the breach of contract claim.
As to the claim of breach of covenant of good faith and fair dealing, the count does not contain sufficient allegations to support such a claim. There are no allegations in this count of bad faith. SeeShareamerica, Inc. v. Ernst Young, Superior Court, judicial district of Waterbury, Docket No. 93-0150132 (July 2, 1999, Sheldon, J.) citingBuckman v. People Express, Inc., 205 Conn. 166 and Habetz v. Condon,224 Conn. 231, 237-38 (1992). The motion to strike is granted as to this claim.
The defendant also moves to strike the fourth count sounding in violation of CUTPA. It claims that facts are not sufficiently alleged to support such a cause of action in two ways. First, citing a number of CT Page 274 lower court decisions, the defendant argues that recasting of the breach of contract case does not establish a violation of CUTPA. Second, it argues that the plaintiffs have failed to plead the necessary element of causation.
In the fourth count the plaintiffs incorporate the allegations of count three, the breach of contract count, and add the following allegations:
 14. Defendant Klebe was involved in the conduct of trade or commerce.
 15. Defendant Klebe, through its representatives, agents and employees, performed services in a deficient and unprofessional manner, and their conduct was immoral, unethical, oppressive, and/or unscrupulous.
 16. Defendant Klebe failed to register its trade name with the Town Clerk of the Town of Winsted, Connecticut and also failed to obtain a permit from the Town of Colebrook prior to performing the work at the Colebrook house on or before March 14, 2000.
 17. The failure of Klebe, acting through its representatives, agents and employees, to register its trade name and/or obtain a permit prior to performing work at the Colebrook residence amounts to an unfair trade practice in violation of Connecticut General Statutes Section 42-110b, et seq.
 18. A copy of this complaint has been forwarded to the Office of the Attorney General for the State of Connecticut.
 19. The above stated practices of the Defendant caused substantial injury and damage to consumers and particularly the Plaintiffs.
(Amended Complaint dated June 20, 2002, Count 4.)
As to the first ground for striking this count, the plaintiffs did not respond to this ground. A review of the facts as alleged leads the court to agree with the defendants. The allegations set forth nothing beyond a breach of contract. "The clear weight of superior court authority is that a simple breach of contract does not suffice to support a CUTPA claim." CT Page 275Robinson v. Van Dyck Printing Company, Superior Court. judicial district of New Haven at New Haven, Docket No. 360526 (April 25, 2000, Devlin,J.).
As to the second ground, however, the court must deny the motion to strike, because it must construe the allegations of a CUPTA violation in a manner most favorable to the plaintiff. "In determining whether certain acts constitute a violation of this act, we have adopted the criteria set out in the cigarette rule by the federal trade commission . . . (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)]." (Internal quotation marks omitted.) Williams Ford, Inc. v. Hartford Courant Co., 232 Conn. 559,591 (1995). Here a review of the allegation shows that the plaintiff has pleaded that the failure to register its trade name and to obtain a permit prior to the work caused substantial injury and has pleaded the other necessary elements.
For the foregoing reasons, the court grants the motion to strike as to count 2, denies it as to the count 3 breach of contract claim, grants it as to count 3 breach of covenant of good faith and fair dealing claim and denies it as to count 4.
 ___________________ DiPentima, J.